

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 22, 2017

**BY ECF**
The Honorable Victor Marrero
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:   United States v. Stefan Buck,** 13 Cr. 282 (VM)

Dear Judge Marrero:

The Government respectfully submits this reply letter in further support of the Government's six motions *in limine* in the above-referenced matter.  The defense, in its September 18, 2017 response, argues primarily that a ruling on the majority of the Government's motions *in limine* can be reserved until a later date.  (*See* Sept. 18, 2017 Letter from the Defense ("Def. Response"), ECF 89.)  The Government's position is as follows:  (1) the Government's motion to admit Buck's proffer statements, if his counsel makes certain arguments or if Buck testifies, can be conditionally ruled upon now; (2) the Government's motion to admit newspaper articles as evidence of notice should be granted, as a general matter, with the defense reserving its right to object to particular articles or portions of articles on a case by case basis; (3) a ruling on the Government's motion to admit Bank Frey account records can be reserved until after completion of the Rule 15 depositions, which may moot the motion; (4) the Government's motion to preclude the defense from referring to Bank Frey and certain Bank Frey bankers not having been charged should be granted as unopposed; (5) the Government's motion to preclude the defense from arguing that compliance with Swiss law, the Qualified Intermediary Agreement, or Bank Frey policy equated to compliance with U.S. law should be granted as unopposed; and (6) Buck should be required to advise the Government by September 29, 2017, which is the Friday before the Rule 15 depositions are scheduled to take place, whether he is advancing an advice-of-counsel defense, and to turn over by that date complete discovery relevant to such a defense.

I.   **The Government's Motion to Admit Buck's Proffer Statements Can Be Conditionally Ruled Upon Now**

The defense does not contest that Buck participated in a series of proffer sessions with the Government.  Nor does the defense contest that it will open the door to the admission of Buck's proffer statements if it makes factual assertions, whether directly through evidence or implicitly through counsel's arguments or cross-examination questions, that contradict those statements. *See United States v. Rosemond*, 841 F.3d 95, 107-10 (2d Cir. 2016) (cited by the Government and by the defense).  Accordingly, it is appropriate for the Court to make a pre-trial ruling now permitting the Government to offer Buck's proffer statements into evidence *in the*

Page 2

*event that* the defense advances inconsistent evidence or arguments, or if the defendant testifies. The Government agrees that the proffer statements are not admissible unless the defense opens the door in the manner that the parties have described.

With respect to the defense's contention that the Government's recitation of certain of Buck's proffer statements "is, at times, inaccurate" (*see* Def. Response at 3), the Government's summary of those statements was taken directly from the notes and memoranda of interview that were produced to the defense in discovery.  Prior to trial, the Government will identify for the defense the portions of the notes and/or memoranda that support each portion of its summary, so that Buck is on full notice of which of his statements the Government believes may be admitted in the event that the defense opens the door.  To the extent there are any disputes at that point regarding the statements, the defense can raise them with the Court.

**II.**     **The Government's Motion to Admit Newspaper Articles as Evidence of Notice to Buck Should Be Granted as a General Matter, With the Defense Reserving its Right to Object on a Case by Case Basis**

As the Government has indicated, it intends to introduce contemporaneously published newspaper articles regarding developments in the investigation of UBS and other Swiss banks, including articles reporting on indictments filed against Swiss bankers, Swiss asset managers, and Wegelin bank for their roles in assisting U.S. taxpayers in hiding their assets and defrauding the IRS.  It does not intend to introduce these articles for the truth of their contents, but rather, to show that during the time period of the charged conspiracy, Buck could not have been ignorant of the fact that U.S. authorities were investigating and charging others in Switzerland – including similarly situated Swiss bankers and asset managers, and a similarly situated Swiss bank – for similar conduct.  The defense does not appear to object to this in principle, but rather seeks to know precisely which newspaper articles the Government plans to admit.  (*See* Def. Response at 3.)  The Government will identify for the defense, prior to trial, the specific set of news articles the Government wishes to admit.  At that time, the defense can make any appropriate objections to particular articles, or portions of articles, on a case by case basis.  As a general matter, however, the Government's motion to admit newspaper articles for notice purposes should be granted, for the reasons set forth in the Government's letter of September 11, 2017.  (*See* Sept. 11, 2017 Letter from the Govt. ("Govt. Motions"), ECF 85, at 6.)

**III.**    **A Ruling on the Government's Motion to Admit Bank Frey Account Records Under Rule 807 Can Be Reserved Until After the Rule 15 Depositions are Completed**

For the reasons set forth previously, the Government submits that the Bank Frey account records for the non-testifying witnesses can be admitted pursuant to Federal Rule of Evidence 807, the residual exception to the hearsay rule.[1]  (*See* Govt. Motions at 6-8.)  However, the Government agrees with the defense that as a practical matter, one or more of the Rule 15

---

[1] With respect to the testifying witnesses, the Government believes it will be able to establish that account records with which those witnesses are familiar contain co-conspirator statements, made by Buck and his co-conspirators in furtherance of the charged conspiracy.  *See* Rule 801(d)(2)(E).  Accordingly, for those records, it will likely not be necessary to rely on Rule 807.

deposition witnesses should be in a position to authenticate the account records and establish that they are business records, pursuant to Rule 803(6).  Accordingly, the Government concurs that a ruling on its motion to admit the records under Rule 807 should be deferred until after the Rule 15 depositions are completed, by which time the motion may be rendered moot.

**IV.     The Government's Motion to Preclude the Defense from Referring to Bank Frey and Certain Bank Frey Bankers Not Having Been Charged Should be Granted as Unopposed**

In its response, the defense states that it "has no current intention of arguing that the bank and its executives have not been prosecuted." (*See* Def. Response at 5.)  Accordingly, the Government's motion to preclude the defense from offering evidence or making arguments about the lack of criminal charges against such persons should be granted as unopposed.

**V.      The Government's Motion to Preclude the Defense from Arguing that Compliance with Swiss Law, the Qualified Intermediary Agreement, or Bank Frey Policy Equated to Compliance with U.S. Law Should be Granted as Unopposed**

In its response, the defense states that "it will not argue that by complying with Swiss law, the QIA and bank policy, Buck therefore complied with U.S. law." (*See* Def. Response at 5.)  The defense's argument appears to be, instead, that Buck *believed* that he could satisfy U.S. law, or that he had no duty to follow U.S. law, if he complied with Swiss law, the Qualified Intermediary ("QI") Agreement, and/or Bank Frey policy.  The Government has already noted its agreement that such an argument would be permissible, subject to appropriate limits, should the Court determine that jury confusion, undue delay, and the like outweigh the probative value of detours into Swiss law, contract terms, and bank policy.[2] (*See* Govt. Motions at 12 n.7.)  Because, however, the defense agrees that compliance with Swiss law, the QI Agreement, and/or Bank Frey policy does not equate to compliance with U.S. law, the Government's motion should be granted as unopposed.

**VI.     Buck Should Be Required to Disclose Any Advice-Of-Counsel Defense By September 29, 2017**

Finally, with respect to a potential advice-of-counsel defense, Buck states that he will "advise the Government on or before October 9, 2017 as to whether any aspect of his defense

---

[2] The Government does object, as previously indicated, to the defense's request for a preliminary jury instruction about the QI Agreement, a request that the defense has reiterated in its response. (*See* Govt. Letter of Sept. 18, 2017 ("Govt. Response"), ECF 88.)  Such a jury instruction is inappropriate because the QI Agreement is not a part of the charged conspiracy, and in fact is an issue likely to confuse and distract the jury. (*See id.*)  Simply put, the QI Agreement is not an element of the offense; at best, its existence is a relevant fact, to the extent the defense can present evidence regarding Buck's understanding of it, in relation to the question of whether Buck acted willfully.  By requesting a jury instruction on the QI Agreement, the defense is essentially asking the Court to weigh in and provide its judicial imprimatur on the importance of a particular fact.  That is not appropriate and the Government objects.

Case 1:13-cr-00282-VM   Document 90   Filed 09/22/17   Page 4 of 4

Page 4

would fall within the purview of a reliance on counsel defense." (*See* Def. Response at 6.)  That timing, however, falls after the Rule 15 depositions, which are scheduled for the week of October 2, 2017.  Some of the topics of testimony identified by Buck in his motion for the Rule 15 depositions appear to be directly relevant to an advice-of-counsel defense.  For instance, Buck contends that during his Rule 15 deposition, Ernst Specht "will testify that the Bank sought and received legal advice on the legality of its U.S. cross-border business, that the Bank fully disclosed to such counsel the full nature of this business, and that Mr. Specht and others were informed by counsel that the Bank's business was legal.  Significantly, Mr. Specht informed Mr. Buck and others of the conclusions of counsel." (*See* Def. Mot. for Rule 15 Depositions, ECF 84, at 8-9.)  Accordingly, Buck should be required to advise the Government by September 29, 2017,[3] which is the Friday before the Rule 15 depositions are scheduled to take place, whether he is advancing an advice of counsel defense, and to turn over on that date complete discovery relevant to such a defense.  (*See* Govt. Motions at 12-13.)

Respectfully submitted,

JOON H. KIM
Acting United States Attorney


By: ___/s/_____
   Sarah E. Paul / Won S. Shin
   Assistant United States Attorneys
   (212) 637-2326/2226

cc:    Marc Agnifilo, Esq. (by ECF)

---

[3] The Government initially asked the Court to require Buck to provide prompt notice of, and discovery related to, an advice-of-counsel defense no later than the final pretrial conference. (Govt. Motions at 13.)  But that request was made prior to the Court's order permitting the Rule 15 depositions.  In light of the defense's intention to elicit deposition testimony relevant to an advice-of-counsel defense, the Government now requests that the defense be required to provide notice and discovery by the Friday before the Rule 15 depositions.